900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Charles LEONE, Defendant-Appellant.
 No. 89-7748.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1990.
Decided March 19, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-86-414-K; CA-88-3859-K).
 Mary Riley Barzee, Sonnett, Sale & Kuehne, P.A., Miami, Fla., for appellant.
 Gary Patrick Jordan, First Assistant United States Attorney, Baltimore, Md., for appellee.
 Benson B. Weintraub, Sonnett, Sale & Kuehne, P.A., Miami, Fla., for appellant.
 Breckinridge L. Willcox, United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 On September 16, 1986, John Charles Leone pled guilty to one count of conspiracy to transport stolen goods in interstate commerce, in violation of 18 U.S.C. Secs. 371, 2314. The district court sentenced him, pursuant to 18 U.S.C. Sec. 3651, to a five-year prison term which was suspended except for 179 days to be served in a half-way house under a work-release program; he was also given a five-year period of probation. Probation was conditioned on Leone's serving six additional months in a half-way house and paying restitution in the amount of $125,000.
 
 
 2
 Two years later, on December 21, 1988, Leone sought relief from his sentence through a writ of habeas corpus, 28 U.S.C. Sec. 2255, or a writ of error coram nobis, 28 U.S.C. Sec. 1651(a). The following February, he filed a motion to correct his sentence pursuant to Rule 35(a), Federal Rules of Criminal Procedure. In March, he filed a motion for an evidentiary hearing in connection with his postconviction proceedings.
 
 
 3
 The gist of Leone's complaint is that the additional six months' confinement in a half-way house, as a condition of his probation, rendered his sentence illegal under the terms of 18 U.S.C. Sec. 3651. Leone also claims that the court erred in calculating the amount of restitution and asserts various constitutional violations stemming from that error. The district court wrote a comprehensive opinion rejecting these claims and denying Leone's requests for relief. Leone v. United States, CR-86-414-K (D.Md. June 26, 1989).
 
 
 4
 After consideration of the briefs and oral argument, we conclude that Leone's claims are without merit and affirm for reasons adequately stated by the district court.
 
 AFFIRMED